■ In the Matter of the Claim of WILLIAM H. JONES, Appellant. COMMISSIONER OF LABOR, Respondent. [767 NYS2d 678]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 7, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a subway conductor for the New York City Transit Authority after he failed to report for three mandatory overtime work assignments. Claimant was aware that the contract between the employer and his union provided that members might be required to work a certain number of overtime hours, even if they occurred on scheduled days off. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because he had lost his employment due to disqualifying misconduct. Claimant appeals.

This Court has held that the refusal to accept reasonable overtime work assignments, especially when the claimant has been made aware that such assignments are part of the job, may rise to the level of disqualifying misconduct (*see Matter of Legault [Commissioner of Labor]*, 286 AD2d 795 [2001]; *Matter of Mack [Commissioner of Labor]*, 257 AD2d 828 [1999]). On the record before us, substantial evidence supports the Board's decision that claimant lost his job due to disqualifying misconduct. Although claimant averred that he was physically unable to work more than five consecutive days due to severe migraine headaches caused by the polluted air in the subway system, this assertion was not substantiated by medical evidence and, accordingly, does not warrant a contrary outcome (*see Matter of Klein [Commissioner of Labor]*, 304 AD2d 897 [2003]; *Matter of Harpule [Sweeney]*, 241 AD2d 610 [1997]). The remaining contentions raised by claimant have been reviewed and found to be unpersuasive.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.